# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JILL PATTERSON, ) | CASE NO. 5:18-CV-2542 |
| ) | |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| STARK COUNTY BOARD OF COUNTY ) | |
| COMMISSIONERS, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

Defendant Stark County Board of Commissioners ("Stark County") has moved for judgment on the pleadings as to certain claims in plaintiff's complaint. (Doc. No. 13 (Motion for Judgment on the Pleadings ["MJP"]).) In lieu of filing an opposition, plaintiff filed a motion for leave to file an amended complaint. (Doc. No. 14 (Motion to Amend ["MTA"]).) Stark County opposes the motion to amend. (Doc. No. 15 ["Opp'n MTA"].) For the reasons that follow, the Court GRANTS the motion to amend, and DENIES without prejudice the motion for judgment on the pleadings.

Plaintiff Jill Patterson ("Patterson") filed a complaint on November 2, 2018 raising the following claims: disability discrimination, under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Ohio Rev. Code § 4112.01, *et seq.*; retaliation, in violation of Ohio Rev. Code § 4112.01, *et seq.*, 42 U.S.C. § 2000e-2, and the Family Medical Leave Act ("FMLA"); and race discrimination, under Ohio Rev. Code § 4112.01, *et seq.*, and 42 U.S.C. § 2000e-2. (Doc. No. 1 (Complaint ["Compl."]) ¶ 6.) The claims all relate to Patterson's

employment with, and alleged constructive discharge from, the Stark County Sheriff's Office.

On February 15, 2019, Stark County filed its motion for judgment on the pleadings as to Count I (ADA disability discrimination), Count IV (ADA retaliation), Count V (FMLA retaliation), Count VI (state law race discrimination), and Count VII (federal race discrimination). Stark County maintains that Patterson's ADA discrimination and retaliation claims are time-barred because she allowed the 90-day time limit following the exhaustion of her administrative remedies to lapse before filing suit. (MJP at 133-35.[1]) Further, it argues that her FMLA retaliation claim fails to identify a specific adverse employment action taken against her following her use of FMLA benefits. (*Id.* at 135-36.) Finally, Stark County posits that Patterson has failed to allege a *prima facie* case of race discrimination because she does not identify any similarly situated individuals outside the protected class who were treated differently. (*Id.* at 138-39.)

Patterson did not file an opposition to the motion for partial judgment on the pleadings, electing, instead, to seek leave to amend her complaint. While Patterson insists that her complaint is sufficient to withstand Stark County's dispositive motion, she indicates that she is offering the amended pleading to provide more specific factual allegations, including the identity of certain comparator employees. (MTA at 183.) Appended to the motion is a proposed amended pleading. (Doc. No. 14-1 (Amended Complaint).) In the event the Court declines to permit her to amend, she "requests seven (7) days from the denial entry to respond" to Stark County's motion for partial judgment on the pleadings. (MTA at 183.) In its opposition, Stark County contends, in conclusory fashion, that the proposed amendment should be rejected as "futile." (Opp'n MTA at

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

212.)

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs Patterson's motion to amend and provides, in relevant part, that the Court should "freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of amendment" are among the reasons that a court may deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Ordinarily, there must be "at least some significant showing of prejudice to the opponent" before leave to amend will be denied. *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986).

Stark County complains that the new allegations in the proposed amended complaint are being offered "clearly in an attempt to survive Stark County's motion for judgment on the pleadings as to [Patterson's] race and FMLA claims." (Opp'n at 212.) Yet, it is appropriate to address complaint deficiencies identified in a Rule 12 motion to dismiss with an amended pleading. *See generally Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 521 (6th Cir. 2008) (finding that a motion to amend is frequently entertained in conjunction with a motion to dismiss and serves as an effective way of curing pleading deficiencies and more quickly reaching the merits of a dispute). Nonetheless, a motion to amend a complaint should be denied as futile when the complaint as amended would not survive a motion to dismiss. *See Jenkins v. Foot Locker Inc.*, 598 F. App'x 346, 350 (6th Cir. 2015); *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 574 (6th Cir. 2010).

Based on the record to date the Court finds no undue delay, prejudice to defendants, or a

repeated failure to cure deficiencies in the pleadings. In particular, the Court notes that Patterson did not delay in bringing her motion inasmuch as the request to amend was filed in a timely fashion following the filing of the Rule 12(c) motion.[2] Moreover, the Court has reviewed the proposed amended complaint and finds that, without addressing the merits of Stark County's request for judgment on the pleadings, the new allegations are directed to at least some of the deficiencies alleged in Stark County's Rule 12(c) motion.

While Stark County suggests that it would be futile to permit this amendment, it does so without any explanation or elaboration as to how these allegations fall short of stating proper claims under the relevant federal and state statutes. It is not the Court's job to anticipate or construct arguments for the parties. That said, it would appear that Patterson's newly proposed allegations do not directly address all of the purported deficiencies identified in Stark County's dispositive motion, and Patterson's request for leave to respond to the Rule 12(c) motion in the event the Court denies leave to amend is also of limited value. The Court does not permit parties to reserve certain arguments for a later date; the time for opposing the Rule 12(c) motion was now. Given that it is early in the case, and in light of the inadequate briefing by the parties, the Court finds that it would not be a good use of judicial resources to determine whether the amended complaint cures the potential deficiencies identified in Stark County's dispositive motion.

In light of the mandate of Rule 15(a) that leave should be "freely" given when "justice so

---

[2] Stark County makes the rather disingenuous argument that Patterson was dilatory because her motion was filed "well after the deadline for motions to amend pleadings." (Opp'n MTA at 212.) While the Court's deadline for amending the pleadings was February 13, 2019, Stark County did not file its Rule 12(c) motion until two days later on February 15, 2019. Even if the Court accepts Stark County's position that it must first consider whether Patterson's request for leave satisfies Fed. R. Civ. P. 16(b), the Court would find that seeking leave to amend to address deficiencies alleged in a Rule 12(c) motion would satisfy the "good cause" needed under Rule 16(b).

requires," Patterson's motion to amend is GRANTED. Patterson shall file her amended complaint (Doc. No. 14-1) within seven (7) days of this order. As the amended complaint will supersede the complaint, *see B & H Med., LLC v. ABP Admin., Inc*., 526 F.3d 257, 267 n.8 (6th Cir. 2008), Stark County's motion for judgment on the pleadings is DENIED without prejudice.

    **IT IS SO ORDERED**.


Dated: June 7, 2019

    **HONORABLE SARA LIOI**
    **UNITED STATES DISTRICT JUDGE**